1   TREVOR L. ATKIN
    Nevada Bar No. 3133
2   LARA L. MILLER
    Nevada Bar No. 12618
3   ATKIN WINNER & SHERROD
    1117 South Rancho Drive
4   Las Vegas, Nevada 89102
    Phone (702) 243-7000
5   Facsimile (702) 243-7059
    tatkin@awslawyers.com
6   lmiller@awslawyers.com

7   *Attorneys for SACS Furniture, LLC*

8                UNITED STATES DISTRICT COURT

9                    DISTRICT OF NEVADA

10
    KAREN TORRES,                      CASE NO.:
11  PLAINTIFF(S)

12  VS.                                **PETITION FOR REMOVAL**

13  JARED LAW, SACS FURNITURE, LLC,
    DEFENDANT(S)
14

15

16      Defendant, SACS FURNITURE, LLC, by and through their counsel of record, ATKIN

17  WINNER & SHERROD, submit this Petition for Removal in accordance with 28 U.S.C. §§

18  1332, 1441 and 1446.  Removal is warranted under 28 U.S.C. § 1332(a)(1) because this is a civil

19  action between citizens of different states and the amount in controversy exceeds the sum or

20  value of $75,000.00, exclusive of interest and costs.  In support of this Petition for Removal the

21  defendant states as follows:

22      1.  On September 22, 2017, the plaintiff, filed an action titled KAREN TORRES v.

23          JARED LAW; SACS FURNITURE, LLC in the Eighth Judicial District Court of

24          Clark County, Nevada, Case No A-17-762000-C, assigned to Department 19 ("the

25          State Court Action").  In accordance with 28 U.S.C. § 1446(a), a true and correct

26          copy of the summons served upon SACS Furniture, LLC, in the State Court Action

27          on October 3, 2017, is attached as *Exhibit A*. A copy of the Complaint is attached as

28

ATKIN WINNER & SHERROD LTD
A NEVADA LAW FIRM

*Exhibit B.*

2. The Complaint identifies SACS Furniture, LLC, as a foreign limited liability company "organized and existing under the laws of the state of Utah and authorized to do business in Clark County, Nevada." *Exhibit B* at 2:1-2.

3. The Complaint identifies Defendant Jared Law as a resident of Clark County, Nevada. *Exhibit B* at 1:26-26-27.

4. The Complaint further avers that Defendant Jared Law was the operator of a 2007 International Truck owned by Defendant SACS on December 18, 2015. *Exhibit B* at 2:27-28. However, Defendant SACS did not have an insured driver by the name of Jared Law at the times and dates alleged in Plaintiff's Complaint and informed the plaintiff that she named an improper party to this lawsuit. *Exhibit C.*

5. The plaintiff, as alleged in her complaint, is a resident of Clark County, Nevada. *Exhibit B* at 1:23-25.

6. The ROE and DOE Defendants in this action have not been identified and are merely nominal parties without relevance to the action. *Exhibit B* 2:3-26.

7. There are no matters pending in the State Court Action that require resolution by this court.

8. Because this is a civil action between citizens of different states involving an amount in controversy in excess of $75,000, exclusive of interest and costs, removal of this matter is proper pursuant to 28 U.S.C. § 1332.

9. This action is one over which the United States District Courts have original jurisdiction by reason of the diversity of citizenship of the parties.

10. Pursuant to 28 U.S.C. § 1446(d), Defendant SACS FURNITURE, LLC, contemporaneously filed a copy of this Petition for Removal with the clerk of the Eighth Judicial District Court in Clark County, Nevada and provided a written notice to the plaintiff by serving a copy of the instant Petition for Removal on counsel for the plaintiff.

**DIVERSITY OF CITIZENSHIP**

11. Upon information and belief, the plaintiff is a resident of Clark County, state of Nevada.  *See* 28 U.S.C. § 1332(c). *Exhibit B* at 1:23-25.

12. Defendant SACS Furniture, LLC,is a foreign corporation incorporated in the State of Utah and whose principal place of business is outside the State of Nevada.  *See* 28 U.S.C. § 1332(c).

13. The Complaint identifies Defendant Jared Law as a resident of Clark County, Nevada. *Exhibit B* at 1:26-27.

14. The Complaint further avers that Defendant Jared Law was the operator of a 2007 International Truck owned by Defendant SACS on December 18, 2015. *Exhibit B* at 2:27-28. However, Defendant SACS did not have an insured driver by the name of Jared Law at the times and dates alleged in Plaintiff's Complaint and informed the plaintiff that she named an improper party to this lawsuit. *Exhibit C.*

15. Complete diversity of citizenship existed between the plaintiff and Defendant SACS Furniture, LLC, at the time the plaintiff filed and served the State Court Action, and complete diversity of citizenship exists at the time of removal.

**AMOUNT IN CONTROVERSY**

16. As required by 28 U.S.C. § 1332, the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs.

17. The plaintiff alleges that on December 18, 2015, she was a fault free passenger in a vehicle driven by non-party Remi Stewart, traveling southbound on Las Vegas Boulevard near Convention Center. Upon information and belief, the plaintiff was stopped at a red light. The plaintiff alleges that the SACS Furniture, LLC delivery vehicle contacted her vehicle and caused damages. The incident is alleged to have caused plaintiff to sustain certain personal injuries.

18. The amount of damages clause in the plaintiff's State Court Action is consistent with

Rule 8(a) of the Nevada Rules of Civil Procedure ("N.R.C.P.") where she seeks monetary damages "in excess of $15,000.00." *Exhibit B* at 4:11-9.  Pursuant to N.R.C.P. 8(a), "[w]here a claimant seeks damages of more than $15,000.00, the demand shall be for damages 'in excess of $15,000.00' without further specification of amount."

19. A defendant may remove a suit to federal court notwithstanding the failure of a plaintiff to plead a specific dollar amount in controversy.  Where, as here, a plaintiff has alleged no specific amount of damages, a removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum.  <u>Lowdermilk v. United States Nat'l Assoc.</u>, 479 F.3d 994, 998 (9th Cir. 2007); <u>Abrego v. Dow Chemical Co.</u>, 443 F.3d 676, 683 (9th Cir. 2007).

20. To satisfy the preponderance of the evidence test, a defendant must provide evidence that "it is more likely than not" that the amount in controversy is greater than $75,000.  <u>Sanchez v. Monumental Life Ins. Co.</u>, 102 F.3d 398, 404 (9th Cir. 1996). The court may look beyond the complaint to determine whether the amount in controversy is met. *See* <u>Abrego</u> at 690.

21. A review of the plaintiff's State Court Action demonstrates that the plaintiff "more likely than not" seeks more than $75,000, exclusive of interest and costs. Specifically, the plaintiff alleges that she incurred past medical expenses, and she will continue to accrue medical expenses in the future. *Exhibit B* at 3:16-20.

22. The plaintiff also avers that some of the conditions for which she obtained medical treatment may be permanent and may be disabling in nature. *Exhibit B* at 4:2-10. Plaintiff further maintains that she has lost income and will continue to lose income in the future. *Id.*

23. Plaintiff also alleges she is entitled to general and compensatory damages, including pain and suffering. *Id.* at 4:12-13

24. Upon information and belief, the plaintiff underwent a surgical procedure to her

ATKIN WINNER & SHERROD LTD
A NEVADA LAW FIRM

cervical spine for the total cost of $104,105.00 on or around March 13, 2017 and her physician attributed Plaintiff's need for this procedure to the instant accident.

25. Upon information and belief, the plaintiff continues to obtain care and treatment that she relates to the instant accident.

26. Taking into consideration the plaintiff's claim for past and future medical damages, pain and suffering, loss of past and future income, and permanent disability, it is more likely than not that Plaintiff seeks damages in excess of $75,000.

27. Based on the foregoing, Defendant has met its burden of showing that the amount in controversy more likely than not exceeds the jurisdictional requirement of $75,000.

28. This Petition for Removal is timely as it is being filed within thirty (30) days after the October 3, 2017 service of the plaintiff's complaint on Defendant SACS Furniture, LLC. 28 U.S.C. § 1446(b)(2). Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 693, (9th Cir. 2005).

29. Because there is complete diversity of citizenship between the plaintiff and the defendant, and because the plaintiff is seeking damages in excess of the $75,000 jurisdictional threshold, the defendant may remove this action pursuant to 28 U.S.C. §§ 1332 and 1441(b).

DATED this 1st day of November, 2017.

ATKIN WINNER & SHERROD

Trevor L. Atkin
Nevada Bar No. 3133
Lara L. Miller
Nevada Bar No. 12618
1117 South Rancho Drive
Las Vegas, Nevada 89102
*Attorneys for SACS Furniture, LLC*

Exhibit A

Electronically Issued
9/22/2017 3:17 PM

Electronically Filed
10/12/2017 8:21 AM
Steven D. Grierson
CLERK OF THE COURT

SUMM

## DISTRICT COURT
## CLARK COUNTY, NEVADA
* * * * *

KAREN TORRES,                          )     CASE NO.:   A-17-762000-C
                                       )     DEPT. NO.:  Department 19
            Plaintiff,                 )
                                       )
      vs.                              )
                                       )
JARED LAW; SACS FURNITURE, LLC a       )     SUMMONS
Utah Limited Liability Corporation;    )
DOES I-X; ROE CORPORATIONS             )
XI-XX,                                 )
                                       )
            Defendants.                )
                                       )

**YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.  READ THE INFORMATION BELOW.**

**TO THE DEFENDANT(S):**  A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

### SACS FURNITURE, LLC

1.  If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:

    a.  File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.
    b.  Serve a copy of your response upon the attorney whose name and address is shown below.

2.  Unless you respond, your default will be entered upon application of the Plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.  If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4.  The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this summons within which to file an answer or other responsive pleading to the complaint.

Issued at the direction of:

DAVID M. MOORE, ESQ.
Nevada Bar No. 8580
EDWARD M. BERNSTEIN & ASSOCIATES
500 South Fourth Street
Las Vegas, NV 89101
(702) 384-4000

STEVEN D. GRIERSON, CLERK OF COURT

By _____                9/22/2017
Deputy Clerk                          Date
County Courthouse
200 Lewis Avenue                      Joshua Raak
Las Vegas, Nevada 89155

44382

**AFFT**
Edward M. Bernstein & Associates
David M. Moore, Esq.
500 S. Fourth St.
Las Vegas , NV 89101
State Bar No.:  8580
Attorney(s) for:

## DISTRICT COURT
## CLARK COUNTY, NEVADA

Case No.:
A-17-762000-C

Dept. No.: 19

Karen Torres

*Plaintiff(s)*

vs

Jared Law; et al.

*Defendant(s)*

Date:
Time:

**AFFIDAVIT OF SERVICE**

Wendy Neff_____, being duly sworn deposes and says: That at all times herein affiant was and is a

citizen of the United States, over 18 years of age and not a party to or interested in the proceeding in which this

affidavit is made. The affiant received _1_ copy(ies) of the _Summons; Complaint_ on the 25th day of September,

2017 and served the same on the 3rd day of October, 2017 at 5:29 pm by serving the Defendant(s), SACS

Furniture, LLC, a Utah Limited Liability Corporation_ by personally delivering and leaving a copy at 2212 S.

West Temple, South Salt Lake, UT 84115 with Adam Jackman as Registered Agent an agent lawfully

designated by statute to accept service of process.

State of Utah_____ , County of Salt Lake_____

SUBSCRIBED AND SWORN to before me on this

6 day of October, 2017



CHARLES J REARDON
Notary Public • State of Utah
Comm. Exp. 04/08/2018
Commission # 675955

Notary Public

Affiant: Wendy Neff
Process Server #G101564

WorkOrderNo 1706706

Exhibit B

Electronically Filed
9/22/2017 3:13 PM
Steven D. Grierson
CLERK OF THE COURT

1  COMP
2  DAVID M. MOORE, ESQ.
   Nevada Bar No. 8580
3  EDWARD M. BERNSTEIN & ASSOCIATES
   500 South Fourth Street
4  Las Vegas, Nevada 89101
   Telephone No.: (702) 471-5721
5  Facsimile No.: (702) 385-4640
   dmoore@edbernstein.com
6  Attorneys for Plaintiff

7

8                        DISTRICT COURT

9                    CLARK COUNTY, NEVADA

10                         * * * * *

11 KAREN TORRES,                    )   CASE NO.:  A-17-762000-C
                                    )   DEPT. NO.:  Department 19
12         Plaintiff,               )
                                    )
13                                  )
       vs.                          )
14                                  )
   JARED LAW; SACS FURNITURE, LLC a )
15 Utah Limited Liability Corporation; )
   DOES I-X; ROE CORPORATIONS       )
16 XI-XX,                           )
                                    )
17         Defendants.              )
                                    )

18 ─────────────────────────────────

19                        COMPLAINT

20      Plaintiff, KAREN TORRES, by and through her attorney, DAVID M. MOORE, ESQ. of the law firm

21 of EDWARD M. BERNSTEIN & ASSOCIATES, and for her causes of action against Defendant, alleges as

22 follows:

23      1.    At all times mentioned herein, Plaintiff, KAREN TORRES (herinafter referred to as

24 "Plaintiff"), was and is a resident of Clark County, Nevada.

25

26      2.    At all times mentioned herein and to the best knowledge of the Plaintiff, Defendant JARED

27 LAW (hereinafter referred to as "Defendant LAW"), was and is a resident of Clark County, Nevada.

28      3.    Plaintiff is informed, believes and thereon alleges that the Defendant SACS FURNITURE,

EDWARD M.
BERNSTEIN
& ASSOCIATES
ATTORNEYS AT LAW
500 SO. FOURTH ST
LAS VEGAS,
NEVADA 89101
(702) 384-6000

1

LLC. (hereinafter "Defendant SACS") was, and is, a limited liability corporation duly organized and existing under the laws of the state of Utah and authorized to do business in Clark County, Nevada.

4.     The true names and capacities, whether individual, corporate, associates, co-partnership, or otherwise of Defendants designated herein as DOES I through X, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed, believes and thereon alleges that each Defendant designated DOE is responsible in some manner for the offense and happenings referred to in this action and proximately caused the damages to Plaintiff as herein alleged. The legal responsibility of said DOES I through X, arises out of, but is not limited to, their status as drivers, owners, as is their maintenance and/or entrustment of the vehicle which Defendant was operating at the time of the accident referred to in this Complaint, and/or their agency, master/servant or joint venturer relationship with said Defendant.

5.     The true names and capacities, whether individual, corporate, associate, co-partnership, or otherwise of Defendants designated herein as ROE CORPORATIONS XI through XX are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed, believes and thereon alleges that each Defendant designated ROE CORPORATION is responsible in some manner for the offense and happenings referred to in this Complaint and proximately caused the damages to Plaintiff as herein alleged. The legal responsibility of said ROE CORPORATIONS XI through XX, arises out of, but is not limited to, their status as owners, as is their maintenance and/or entrustment of the vehicle which Defendant was operating at the time of the accident referred to in this Complaint, and/or their agency, master/servant or joint venturer relationship with said Defendants. Plaintiff will request leave of Court to amend this Complaint to insert the true names and capacities of said Defendants when the same have been ascertained, to join such Defendants in this action and to assert the appropriate allegations.

6.     On or about December 18, 2015, Plaintiff was a fault free passenger in a vehicle driven by non-party Remi Stewart, traveling southbound on Las Vegas Boulevard, near its intersection with Convention

EDWARD M.
BERNSTEIN
& ASSOCIATES
ATTORNEYS AT LAW
500 S. FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 240-0000

Center stopped at a red light in the County of Clark, State of Nevada.

7.     At said time and place, Defendant LAW was the operator of a 2007 International Truck owned by Defendant SACS, traveling directly behind Stewart's vehicle when Defendant LAW failed to stop the vehicle, thereby causing his vehicle to collide with the vehicle being driven by Stewart.

8.     Defendant was negligent, among other reasons, in failing to keep the proper lookout, failing to yield the right of way, failing to reduce speed, failing to keep her car under proper control, and failing to use due care and was otherwise acting carelessly, negligently, and recklessly in causing the collision described herein.

9.     Defendant's acts and omissions at the time of the collision herein complained of and immediately prior thereto constitute negligence and carelessness.

10.     Defendant's negligence was the proximate cause of Plaintiff's damages as herein alleged.

11.     As a direct and proximate result of the negligence and carelessness of Defendant, Plaintiff sustained injuries and suffered great pain.

12.     As a direct and proximate result of the negligence and carelessness of Defendant, Plaintiff was required to incur expenses for medical care, treatment and expenses incidental thereto all to her damage in a present amount yet unknown at this time and will be required in the future to incur medical care and treatment in an amount not yet ascertained.  In this regard, Plaintiff prays leave of Court to insert all said damages herein when the same have been fully ascertained or proof thereof at the time of trial herein.

13.     At the time of the accident aforesaid, Defendant LAW was operating said motor vehicle upon a Nevada highway with the permission, express or implied, of Defendant SACS.  Defendant SACS, as owner and/or lessee of the vehicle which Defendant LAW was operating at the time of the accident is legally responsible for all damages for its negligent entrustment of said vehicle to Defendant LAW.

14.     At the time of the incident described above, Defendant LAW was an agent and servant of Defendant SACS and was in the course and scope of his employment for Defendant SACS.

15.     All liability of Defendant LAW is imputed to Defendant SACS under the doctrine of

EDWARD M.
BERNSTEIN
& ASSOCIATES
ATTORNEYS AT LAW
500 SO. FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 3844444

3

respondeat superior.

16. By reason of the premises and as a direct and proximate result of said incident complained of herein, Plaintiff has incurred injuries all or some of which conditions may be permanent and disabling in nature all to her general and compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

17. As a further direct and proximate result of the Defendants' negligence, Plaintiff has incurred and may incur in the future, loss of income and earning capacity.

18. As a further direct and proximate result of the negligence of Defendants, Plaintiff has been required to retain the services of an attorney, incurred costs and is entitled to recover interest.

~~~~~~~~~~

WHEREFORE, Plaintiff requests judgment against the Defendants, and each of them, as follows:

1. General and compensatory damages in an amount in excess of $15,000.00;

2. Damages for costs of medical care and treatment and costs incidental thereto when the same have been fully ascertained;

3. Reasonable attorney's fees, costs of suit incurred herein, and interest; and

5. For such other and further relief as the Court may deem proper in the premises.

Dated this 7th day of September, 2016.

EDWARD M. BERNSTEIN & ASSOCIATES

By: _____
DAVID M. MOORE, ESQ.
Nevada Bar No. 8580
500 South Fourth Street
Las Vegas, Nevada 89101
(702) 471-5637
Attorneys for Plaintiff

EDWARD M.
BERNSTEIN
& ASSOCIATES
ATTORNEYS AT LAW
500 SO. FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 246-4555

4

Exhibit C

TREVOR L. ATKIN
THOMAS E. WINNER
SUSAN M. SHERROD†OC
CHRISTINE M. BOOZE
MATTHEW J. DOUGLAS†
JUSTIN J. ZARCONE◦
BRUCE W. KELLEY◦

OF COUNSEL (oc):
JULIE M. SUEOKA

*LICENSED TO PRACTICE IN:*
†MICHIGAN  ◦UTAH  ◦CALIFORNIA
□NEBRASKA  *ILLINOIS

# ATKIN WINNER & SHERROD LTD.

A NEVADA LAW FIRM

RANCHO COURTYARD
1117 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89102-2216
PHONE    (702) 243-7000
FACSIMILE (702) 243-7059

WWW.AWSLAWYERS.COM

~ANDREW D. SMITH
STEVEN F. CANFIELD
KELLY M. SMITH
~ARIEL C. JOHNSON
RUSSELL D. CHRISTIAN
STEVEN C. DEVNEY
LARA L. MILLER
DANIELLE M. HOLT
MICHAEL R. SMITH
CAITLIN J. LORELLI

November 1, 2017

*Via E-Service Only*
David Moore
Edward M. Bernstein & Associates
500 South Fourth Street
Las Vegas, Nevada 89101

Re:     **Torres v SACS Furniture**
        *Case No. A-17-762000-C*
        *Claim No. 73-27-394541*

Dear Mr. Moore:

Please permit this correspondence to inform your office that Plaintiff's Complaint named an improper defendant in the above-referenced case. While Plaintiff's Complaint named SACS Furniture, LLC and Jared Law as the defendants, at the times and dates alleged therein, Defendant SACS Furniture, LLC, did not have an insured driver by the name of Jared Law. However, at the times and dates alleged in Plaintiff's Complaint, SACS Furniture, LLC, did have an insured driver by the name of Jerrod Wall.

Should you have any questions, please do not hesitate to contact the office.

Sincerely,

ATKIN WINNER & SHERROD

Trevor L. Atkin
Lara L. Miller

LLM:lh

cc:     Rick Dunn (via email only)

979313.docx