# Exhibit B

Electronically Filed
9/22/2017 3:13 PM
Steven D. Grierson
CLERK OF THE COURT

COMP
DAVID M. MOORE, ESQ.
Nevada Bar No. 8580
EDWARD M. BERNSTEIN & ASSOCIATES
500 South Fourth Street
Las Vegas, Nevada 89101
Telephone No.: (702) 471-5721
Facsimile No.: (702) 385-4640
dmoore@edbernstein.com
Attorneys for Plaintiff

DISTRICT COURT

CLARK COUNTY, NEVADA

* * * * *

KAREN TORRES,

    Plaintiff,

vs.

JARED LAW; SACS FURNITURE, LLC a Utah Limited Liability Corporation; DOES I-X; ROE CORPORATIONS XI-XX,

    Defendants.

CASE NO.: A-17-762000-C
DEPT. NO.: Department 19

## COMPLAINT

Plaintiff, KAREN TORRES, by and through her attorney, DAVID M. MOORE, ESQ. of the law firm of EDWARD M. BERNSTEIN & ASSOCIATES, and for her causes of action against Defendant, alleges as follows:

1. At all times mentioned herein, Plaintiff, KAREN TORRES (herinafter referred to as "Plaintiff"), was and is a resident of Clark County, Nevada.

2. At all times mentioned herein and to the best knowledge of the Plaintiff, Defendant JARED LAW (hereinafter referred to as "Defendant LAW"), was and is a resident of Clark County, Nevada.

3. Plaintiff is informed, believes and thereon alleges that the Defendant SACS FURNITURE,

1

LLC. (hereinafter "Defendant SACS") was, and is, a limited liability corporation duly organized and existing under the laws of the state of Utah and authorized to do business in Clark County, Nevada.

4. The true names and capacities, whether individual, corporate, associates, co-partnership, or otherwise of Defendants designated herein as DOES I through X, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed, believes and thereon alleges that each Defendant designated DOE is responsible in some manner for the offense and happenings referred to in this action and proximately caused the damages to Plaintiff as herein alleged. The legal responsibility of said DOES I through X, arises out of, but is not limited to, their status as drivers, owners, as is their maintenance and/or entrustment of the vehicle which Defendant was operating at the time of the accident referred to in this Complaint, and/or their agency, master/servant or joint venturer relationship with said Defendant.

5. The true names and capacities, whether individual, corporate, associate, co-partnership, or otherwise of Defendants designated herein as ROE CORPORATIONS XI through XX are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed, believes and thereon alleges that each Defendant designated ROE CORPORATION is responsible in some manner for the offense and happenings referred to in this Complaint and proximately caused the damages to Plaintiff as herein alleged. The legal responsibility of said ROE CORPORATIONS XI through XX, arises out of, but is not limited to, their status as owners, as is their maintenance and/or entrustment of the vehicle which Defendant was operating at the time of the accident referred to in this Complaint, and/or their agency, master/servant or joint venturer relationship with said Defendants. Plaintiff will request leave of Court to amend this Complaint to insert the true names and capacities of said Defendants when the same have been ascertained, to join such Defendants in this action and to assert the appropriate allegations.

6. On or about December 18, 2015, Plaintiff was a fault free passenger in a vehicle driven by non-party Remi Stewart, traveling southbound on Las Vegas Boulevard, near its intersection with Convention

EDWARD M.
BERNSTEIN
& ASSOCIATES
ATTORNEYS AT LAW
500 SO FOURTH ST
LAS VEGAS,
NEVADA 89101
(702) 383-6000

2

Center stopped at a red light in the County of Clark, State of Nevada.

7. At said time and place, Defendant LAW was the operator of a 2007 International Truck owned by Defendant SACS, traveling directly behind Stewart's vehicle when Defendant LAW failed to stop the vehicle, thereby causing his vehicle to collide with the vehicle being driven by Stewart.

8. Defendant was negligent, among other reasons, in failing to keep the proper lookout, failing to yield the right of way, failing to reduce speed, failing to keep her car under proper control, and failing to use due care and was otherwise acting carelessly, negligently, and recklessly in causing the collision described herein.

9. Defendant's acts and omissions at the time of the collision herein complained of and immediately prior thereto constitute negligence and carelessness.

10. Defendant's negligence was the proximate cause of Plaintiff's damages as herein alleged.

11. As a direct and proximate result of the negligence and carelessness of Defendant, Plaintiff sustained injuries and suffered great pain.

12. As a direct and proximate result of the negligence and carelessness of Defendant, Plaintiff was required to incur expenses for medical care, treatment and expenses incidental thereto all to her damage in a present amount yet unknown at this time and will be required in the future to incur medical care and treatment in an amount not yet ascertained. In this regard, Plaintiff prays leave of Court to insert all said damages herein when the same have been fully ascertained or proof thereof at the time of trial herein.

13. At the time of the accident aforesaid, Defendant LAW was operating said motor vehicle upon a Nevada highway with the permission, express or implied, of Defendant SACS. Defendant SACS, as owner and/or lessee of the vehicle which Defendant LAW was operating at the time of the accident is legally responsible for all damages for its negligent entrustment of said vehicle to Defendant LAW.

14. At the time of the incident described above, Defendant LAW was an agent and servant of Defendant SACS and was in the course and scope of his employment for Defendant SACS.

15. All liability of Defendant LAW is imputed to Defendant SACS under the doctrine of

3

respondeat superior.

16. By reason of the premises and as a direct and proximate result of said incident complained of herein, Plaintiff has incurred injuries all or some of which conditions may be permanent and disabling in nature all to her general and compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

17. As a further direct and proximate result of the Defendants' negligence, Plaintiff has incurred and may incur in the future, loss of income and earning capacity.

18. As a further direct and proximate result of the negligence of Defendants, Plaintiff has been required to retain the services of an attorney, incurred costs and is entitled to recover interest.

~~~~~~~~~~

WHEREFORE, Plaintiff requests judgment against the Defendants, and each of them, as follows:

1. General and compensatory damages in an amount in excess of $15,000.00;

2. Damages for costs of medical care and treatment and costs incidental thereto when the same have been fully ascertained;

3. Reasonable attorney's fees, costs of suit incurred herein, and interest; and

5. For such other and further relief as the Court may deem proper in the premises.

Dated this _____ day of September, 2016.

EDWARD M. BERNSTEIN & ASSOCIATES

By: _____
DAVID M. MOORE, ESQ.
Nevada Bar No. 8580
500 South Fourth Street
Las Vegas, Nevada 89101
(702) 471-5637
Attorneys for Plaintiff

4